MARY ELIZABETH HICKS,     )
                                   )
            Plaintiff,     )
                                   )
v.                              )    Case No. CIV-16-052-RAW-KEW
                                 )
NANCY A. BERRYHILL, Acting   )
Commissioner of Social       )
Security Administration,     )
                                 )
            Defendant.    )

## REPORT AND RECOMMENDATION

Plaintiff Mary Elizabeth Hicks (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 17, 1956 and was 59 years old at the time of the ALJ's decision.  Claimant completed her education through the eleventh grade.  Claimant has worked in the past as a postal clerk and mail carrier.  Claimant alleges an inability to work beginning January 25, 2013 due to limitations resulting from back problems, degenerative disc disease, depression, brittle bones, and spinal disorders.

## Procedural History

On June 21, 2013, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On December 11, 2014, Administrative Law Judge J. Dell Gordon ("ALJ") conducted a video hearing with Claimant present in Ardmore, Oklahoma and the ALJ presiding in Oklahoma City, Oklahoma. On March 18, 2015, the ALJ issued an unfavorable decision. On December 15, 2015, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to address Claimant's obesity; and (2) failing to make appropriate and supported findings at step four. Claimant also contends the Appeals Council failed to adequately consider a report submitted to

it as additional new evidence as a part of its review of the ALJ's decision.

## Additional Evidence Before the Appeals Council

In his decision, the ALJ determined Claimant suffered from the severe impairment of spinal disorders. (Tr. 19). The ALJ concluded that Claimant retained the RFC to perform her past relevant work as a postal clerk. (Tr. 29). In so doing, the ALJ found Claimant could perform light work with occasional crouching, crawling, and stooping and never climbing ladders, ropes, or scaffolds. (Tr. 20). The vocational expert found Claimant's work as a postal clerk, classified as light but performed up to medium, semi-skilled work, was consistent with her RFC. (Tr. 29). As a result, the ALJ found Claimant was not disabled from January 25, 2013 through the date of the decision. Id.

Claimant first contends that the Appeals Council failed to adequately consider new and material evidence brought before it. Specifically, on October 24, 2015, Dr. Thomas Atkinson authored a letter after reviewing Claimant's medical history. He noted she "is a person with significant back pain." He related Claimant's medical history consisting of back surgery in 2000 with a fusion at L3-L4. Claimant received epidural steroid injections in her back and attended a chiropractor, which helped. Claimant worked at the

5

post office for ten years delivering mail but had to quit and move
to a desk job in 2010. Dr. Atkinson found Claimant then reduced
her hours to 10 hours per week because she could no longer perform
her desk job. Ultimately, she quit her employment allegedly due to
pain. (Tr. 393).

Dr. Atkinson then noted Claimant's appointment with Dr.
Cooper, who diagnosed Claimant with "failed back syndrome."
Claimant stated she was having severe back pain down her right leg
and back spasms in her paraspinous area. She stated her right leg
would "turn to jelly" and would no longer hold her up. She would
have to use her left arm to hold all of her weight. Dr. Atkinson
cited a September 4, 2013 x-ray that showed disc space narrowing at
L5-S1, degenerative gas present at L4-L5 and L5-S1 with moderate
spondylosis. Id.

Dr. Atkinson opined that Claimant equaled Listing 1.04A
(Disorders of the Spine) with evidence of nerve root compression,
motor loss or weakness in the use of her right leg, repeated
episodes of her back "going out" at which time she was unable to
walk and was confined to the bed or reclining position. Id. The
Appeals Council stated in its Notice of Appeals Council Action
dated December 15, 2015 that it considered Dr. Atkinson's medical
source opinion. (Tr. 2). Yet, the Appeals Council denied

Claimant's request for review of the ALJ's decision. (Tr. 1).

The regulations permit the submission of evidence to the Appeals Council if it is new, material, and related to the period on or before the date of the ALJ's decision. Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004). It is assumed that the evidence meets the criteria if the Appeals Council accepts the evidence. Krauser v. Astrue, 638 F.3d 1324, 1328 (10th Cir. 2011). Whether evidence is "new, material and chronologically pertinent is a question of law subject to our de novo review." Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003).

Dr. Atkinson's report is both new - it was not before the ALJ when he made his decision - and material - the ALJ's decision might reasonably have been different if the new evidence had been before him when the decision was rendered. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996); Cagle v. Califano, 638 F.2d 219, 221 (10th Cir. 1981). Since Dr. Atkinson's opinion reflects that he reviewed Claimant's medical records, it is chronologically pertinent. Thus, the evidence was properly considered by the Appeals Council.

Claimant suggests that the Appeals Council was required "to conduct a proper physician analysis of the Medical Source Statement." Claimant also equates the requirement upon the ALJ to

articulate his reasons for rejecting evidence of disability to the obligation of the Appeals Council to do "similarly", which implies that the Appeals Council was required to provide a further explanation of its rejection of Dr. Atkinson's opinion. The Appeals Council is not required to evaluate opinion evidence in the same manner as the ALJ if it decides to deny a claimant's request for review. <u>Vallejo v. Berryhill</u>, 2017 WL 765768, 3 (10th Cir.(Feb. 28, 2017)). As a result, no further explanation or justification was required for the rejection of Dr. Atkinson's opinion once the Appeals Council considered the evidence and denied review. Further, like many other aspects of evidence consideration, this Court will take the Appeals Council at its word that it considered Dr. Atkinson's opinion and found it unavailing. <u>Martinez v. Astrue</u>, 389 Fed. Appx. 866, 869 (10th Cir. 2010). This Court finds no error in the Appeals Council's consideration of Dr. Atkinson's opinion.

### Consideration of Obesity

Claimant next contends the ALJ failed to consider her obesity in his evaluation of her impairments. The record indicates Claimant is five foot three inches in height. (Tr. 185, 259, 272). Her weight fluctuated throughout the record between 142 pounds and 161 pounds. (Tr. 185, 259, 267, 272, 274, 285, 333, 344, 350, 365,

386).  Her body mass index ("BMI") would be between 24.58 and 28.5 which is considered overweight but not obese.  Soc. Sec. R. 02-1p, 2002 WL 34686281, 2.  Claimant uses the curious term "approaching obesity" which is not used in the regulations or case authority. The ALJ did not err in failing to consider the effects of obesity since Claimant was not at any relevant time obese.

## Step Four Analysis

Claimant asserts the ALJ failed to make the required findings to ascertain if she could perform her past relevant work.  In analyzing Claimant's ability to engage in her past work, the ALJ must assess three phases.  In the first phase, the ALJ must first determine the claimant's RFC.  <u>Winfrey v. Chater</u>, 92 F.3d 1017, 1023 (10th Cir. 1996).  Claimant states that the ALJ's RFC assessment was "corrupted" because it was not stated "in proper work-related limitations for all severe and nonsevere impairments . . . ."  The ALJ considered the totality of Claimant's severe impairments and expressed his findings in "work-related" terms in stating Claimant was limited to light work with other postural limitations.  (Tr. 20).  If Claimant is referring to the failure of the ALJ to consider her obesity, this Court has rejected obesity as a severe impairment in this case.  The ALJ's RFC is supported by the ALJ's findings from the medical record.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work.  <u>Id</u>.  In making this determination, the ALJ may rely upon the testimony of the vocational expert. <u>Doyal v. Barnhart</u>, 331 F.3d 758, 761 (10th Cir. 2003).  The expert testified that Claimant's postal clerk job as light, semi-skilled with an SVP-4, under the *Dictionary of Occupational Titles ("DOT")*. (Tr. 54).  This inquiry satisfied the requirements in the second phase.  Claimant contends the ALJ found Claimant "had no limitations *of any kind whatsoever* from her severe impairments." (Emphasis in original).  This is simply not the case.  The ALJ restricted Claimant to light work with postural limitations and inquired of the expert based upon this finding.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one.  <u>Winfrey</u>, 92 F.3d at 1023.  The vocational expert testified that someone with Claimant's RFC could perform the postal clerk job.  (Tr. 54).  The ALJ relied upon this testimony to arrive at his conclusions at step four.  (Tr. 29).  This Court finds no error in the ALJ's assessment at step four.

## Conclusion

The decision of the Commissioner is supported by substantial

evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 6th day of March, 2017.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE